UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KEVIN WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO.   3:21-cv-70 ) |
| ADVANCED MICRO-ELECTRONICS INC, | ) ) |
| Defendant. | ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Kevin Wright ("Wright"), by counsel, bring this action against Defendant, Advanced Micro-Electronics Inc., ("Defendant") alleging violations of the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*, and the Fair Labor Standards Act of 1938, ("FLSA"), as amended, 29 U.S.C. §201 *et. seq.*

**II. PARTIES**

2. Wright is a resident of Crawford County, Indiana which is within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. §2617(a)(2); and 29 U.S.C. §216(b).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), and 29 U.S.C. §203(d).

6. Wright, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Wright was an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

8. Defendant is subject to the FLSA because its employees are domestic workers, Defendant engaged in interstate commerce, and/or Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Wright was hired in or about April 2016 and work most recently as a Network Engineer.

11. At all times relevant. Wright met and/or exceeded Defendant's legitimate performance expectations.

12. In November 2020, Wright contracted COVID-19 and was out of the office under the Emergency Paid Sick Leave and the Emergency Family and Medical Leave Act provided under the FFCRA/Cares Act. Further, Wright's leave qualified for protection under the Family and Medical Leave Act.

13. While out on leave, and while sick and symptomatic, his supervisor, Mitch

Rath ("Rath"), required Wright to continue working in violation of the EPSL and FMLA. Wright was required to attend meetings and be responsive to his customers.

14. During his illness, Wright received an email from Samantha Hahn with the Virginia Chance School. Wright responded to her email on his first day back in the office and notified Rath of the email. Rath told Wright not to worry about the email.

15. Despite being out on leave, despite have his out of office message on, and despite Rath telling Wright not to worry about the email and that he would take care of it, Defendant terminated Wright's employment on or about December 16, 2020.

16. As a Network Engineer, Wright was originally paid as a non-exempt employee where he earned overtime pay for hours worked over forty hours in a week.

17. In or about February 2020, Defendant re-classified Wright's position to an exempt position and stopped paying him overtime. It instead paid him a "senior bonus," which was at a rate of less than time and one-half.

18. Wright regularly spent his time installing computers, fixing issues as they arose, installing switches and servers. He did not spend more than fifty percent (50%) of his time managing other employees and/or advising and/or making recommendations.

19. Because Wright was improperly misclassified and should have been classified as a "non-exempt" employee, he should have been paid overtime wages for any hours worked in excess of eighty (80) hours in each biweekly period from in or about February 2020 through his separation of employment.

20. Further, the Defendant violated the FMLA when it interfered with Wright's rights and retaliated against him for his use of leave.

## V. CAUSES OF ACTION

### COUNT I – FLSA – FAILURE TO PAY OVERTIME COMPENSATION

21. Wright hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

22. Wright was an improperly classified as an exempt employee who engaged in commerce and/or in an enterprise engaged in commerce.

23. In misclassifying Wright as an exempt employee, Defendant intentionally and willfully failed to compensate Wright, as required for non-exempt employees, of at least one and one-half times his regular hourly rate for hours worked in excess of forty hours.

24. Defendant's actions were intentional, willful, and in reckless disregard of Wright's rights as protected by the FLSA.

25. Wright suffered damages as a result of Defendant's unlawful actions.

### COUNT II – FMLA - INTERFERENCE

26. Wright hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint.

27. Defendant unlawfully interfered with the exercise of Wright's rights under the FMLA.

28. Defendant's actions were intentional, willful, and in reckless disregard of

Wright's rights as protected by the FMLA.

29. Wright suffered damages as a result of Defendant's unlawful actions.

### COUNT III – FMLA - RETALIATION

30. Wright hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint.

31. Defendant retaliated against Wright for exercising his rights under the FMLA.

32. Defendant's actions were intentional, willful, and in reckless disregard of Wright's rights as protected by the FMLA.

33. Wright suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: UNJUST ENRICHMENT

34. Wright hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

35. Defendant has failed and/or refused to pay wages due to Wright for his labor and services rendered during his employment.

36. Defendant has been unjustly enriched by keeping funds which are the property of Wright.

37. Wright has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kevin Wright, respectfully requests that this Court enter judgment in her favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

2. Pay compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

3. Pay liquidated damages for Defendants' violation of the FMLA and the FLSA;

4. Pay compensatory damages under the FLSA;

5. Pay punitive damages under the FLSA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: _/s/ Lauren E. Berger_____
Lauren E. Berger, #29826-19
411 Main Street
Evansville, Indiana 47708
Telephone:    (812) 424-1000
Facsimile:     (812) 424-1005
Email: lberger@bdlegal.com

Attorneys for Plaintiff, Kevin Wright

## DEMAND FOR JURY TRIAL

Plaintiff, Kevin Wright, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Lauren E. Berger
Lauren E. Berger, #29826-19
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: lberger@bdlegal.com

Attorneys for Plaintiff, Kevin Wright